T.C. Summary Opinion 2008-109

UNITED STATES TAX COURT

MICHAEL RAY TOLLESON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15864-06S.                    Filed August 25, 2008.

Michael Ray Tolleson, pro se.

Paul R. Zamolo and Jon Feldhammer (specially recognized),
for respondent.


GOEKE, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes of $12,832 and $9,171 for 2001 and 2002, respectively. After concessions,[2] the issue before the Court is whether petitioner is entitled to business expense deductions for an alleged independent architectural practice claimed on his Schedules C, Profit or Loss From Business.

## Background

At the time the petition was filed, petitioner was a resident of California.

Petitioner was employed full time by the firm of Richard Pollack & Associates (Pollack), an architecture and interior-design company, during 2001 and by WHL Architects Planners, Inc. (WHL), during 2001 and 2002. Both firms issued to petitioner Forms W-2, Wage and Tax Statement. Petitioner was occasionally permitted to work from home, but Pollack and WHL provided him with office space.

Petitioner included Schedules C with his 2001 and 2002 Federal income tax returns. Each Schedule C related to an alleged architecture business with a listed address identical to petitioner's home address. On the Schedules C, petitioner

---

[2] The parties agreed to the allowable amounts of short-term capital loss deductions.

claimed business expense deductions of $65,563 for 2001 and $57,743 for 2002.

On May 25, 2006, respondent mailed to petitioner a statutory notice of deficiency that disallowed petitioner's claimed business expense deductions for 2001 and 2002. Petitioner timely petitioned this Court.

## Discussion

Section 162(a) provides that "There shall be allowed as a deduction all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". However, in order to be entitled to deduct business expenses on a Schedule C, petitioner must prove that he was carrying on a trade or business other than that of being an employee. See Weber v. Commissioner, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995). Petitioner has not alleged or shown that section 7491(a) applies. Accordingly, petitioner bears the burden of proving that he is entitled to the claimed business expense deductions. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner contends that during the years at issue he was operating an independent architectural practice and the claimed business expenses relate to this business. Petitioner contends that he provided services for both firms as an independent

contractor and that he elected employee status in lieu of independent contractor status for personal accounting reasons.

Whether a taxpayer was an independent contractor depends on various factors such as: (1) The degree of control exercised by the principal over the details of the work; (2) which party invests in the facilities used in the work; (3) the opportunity of the individual for profit or loss; (4) whether or not the principal has the right to discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; and (7) the relationship the parties believe they are creating. Weber v. Commissioner, supra at 387.

Petitioner provided no evidence that any of these factors weigh in favor of a finding that he worked for Pollack or WHL as an independent contractor. To the contrary, the presidents of both firms testified that he was a full-time employee during the years at issue, and petitioner has provided no evidence to the contrary. Therefore, we find that petitioner worked for Pollack and WHL as an employee during 2001 and 2002, not as an independent contractor.

Petitioner also argued that while he was working for Pollack and WHL he operated his own separate business. Petitioner claimed that during the years at issue he was continuously developing plans for new houses and researching vacant lots in

the surrounding locales in hopes of creating a base of prospective properties to use in his independent practice. However, petitioner purchased no properties and completed no services during 2001 or 2002. Petitioner made no showing that he was actively seeking contracts during 2001 and 2002.

Petitioner also claimed that he provided consulting services to former students and took on interns during both years. However, petitioner could not provide any invoices, pay statements, or other documentation to substantiate those claims. Petitioner's only income from the years at issue was from his work at both Pollack and WHL. See Owen v. Commissioner, 23 T.C. 377 (1954).

The only documentation petitioner provided concerning his independent practice during 2001 and 2002 were models of theoretical projects and ideas, and the only invoices petitioner could provide regarding services rendered from his independent practice were from subsequent tax years not at issue. While it is possible that some of petitioner's expenses may qualify as startup expenditures deductible under section 195, there is no evidence in the record that petitioner began a trade or business during the years at issue.

Accordingly, we find that petitioner was not carrying on a trade or business as an independent architect during 2001 or 2002. Therefore, we need not reach the question of whether the

associated expenses would qualify for a deduction under section 162.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.